**Fabian Rene GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-02-00583-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 22, 2003.

James M. Leitner, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Attorney-Harris County, Donald W. Rogers, Jr., Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and KEYES.

1. The State did not seek the death penalty.

## OPINION

ADELE HEDGES, Justice.

A jury found appellant, Fabian Rene Garcia, guilty of capital murder, and the trial court assessed punishment at confinement for life.[1] In three points of error, appellant contends that (1) the trial court erred in (a) granting the State's motion in limine and (b) failing to suppress appellant's video-taped statement, and (2) appellant was denied effective assistance of counsel during the guilt/innocence phase of his trial. We affirm.

### Background

During the early morning hours of September 1, 2001, Frank Ibanez, complainant, drove his blue Impala into the parking lot of the Chili's Restaurant located at Westheimer and Greenridge in Houston. Complainant was accompanied by two friends, Ulises Martinez, and Joe Antonio Garcia.

As complainant was about to leave, two armed men ran up to his car. One of the men, later identified as Sostenes Salinas, a/k/a "Tooter," pointed an assault rifle at complainant while he was sitting in the driver's seat. The other man, later identified as Fabian Rene Garcia, appellant, pointed a pistol at Joe Garcia who was sitting in the passenger side. The gunmen shouted obscenities and ordered all the passengers to get out of the car and to get on the ground. Martinez and Joe Garcia complied, but the complainant told the gunman, "If you are going to shoot me, shoot me." Several shots were fired, and complainant was found dead in the parking lot. Although there were other persons standing in the parking lot who saw the robbery, none of these eyewitnesses was able to identify the two gunmen.

The complainant's car was later found cut-up and stripped on Arnulfo Legoretta's property located in San Jacinto County. Evidence presented at trial showed that Legoretta's son was in Tooter's car when Tooter decided to rob complainant.

## Motion in Limine

■ In his first point of error, appellant contends that the trial court erred in granting the State's motion in limine regarding an "independent impulse" defense. The defense of independent impulse "embrace[s] the theory that an accused, though he was admittedly intent on some wrongful conduct, nevertheless did not contemplate the extent of criminal conduct actually engaged in by his fellows, and thus cannot be held vicariously responsible for their conduct." *Mayfield v. State*, 716 S.W.2d 509, 513 (Tex.Crim.App.1986) *overruled in part, Solomon v. State*, 49 S.W.3d 356, 368 (Tex.Crim.App.2001). The motion required appellant's counsel to approach the bench and inform the court and the State that he intended to mention or refer to the defense of independent impulse in front of the jury during voir dire or the guilt/innocence stage of trial. Appellant concedes that he did not have a right to have the defense submitted to the jury in the charge as an affirmative defense. However, he contends that he did have a right to voir dire on that theory of defense and had a right to argue the substance of that defense to the jury.

■ A ruling granting a motion in limine does not preserve error on appeal. *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex.Crim.App.1994). A ruling on a motion in limine that excludes evidence "is subject to reconsideration throughout trial" and in order "to preserve error an offer of the evidence must be made at trial." *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim.App.1998).

During voir dire, appellant made no attempt to explain the independent impulse defense to the venirepersons and made no attempt to question the venirepersons about it. He failed to ask the trial court to reconsider the issue. Accordingly, he has not preserved error for our review.

Likewise, during the guilt-innocence stage of trial, appellant neither made an attempt to explain the independent impulse defense to the jury nor did he ask in any way for the trial court to reconsider the issue.

■ Appellant did not offer any evidence that would establish the defense and, in fact, his testimony negated it. Appellant testified that he did not plan or intend to rob anybody and that he was surprised when Tooter jumped out of the car. He testified that he was trying to stop Tooter, and that he repetitively told Tooter and the witnesses "to chill out." Appellant presented no evidence that he agreed or conspired to commit the underlying robbery or that he intended to promote or assist in the commission of the underlying robbery. Therefore, the evidence he presented did not raise the independent impulse defense. If a party fails to offer the evidence, error is not preserved and the complaint is waived. *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim.App.1996).

We overrule appellant's first point of error.

## Motion to Suppress

■ In his second point of error, appellant contends that the trial court erred in denying his motion to suppress his videotaped statement. He argues that the statement should be suppressed because it was made while he was in custody and the officers did not give him *Miranda* warn-

ings. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000). First, we give almost total deference to a trial judge's determination of historical facts and application of the law to fact questions that turn on credibility and demeanor of the witnesses. *Id.; Martinez v. State*, 29 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Second, we review de novo application of the law to fact questions that do not turn upon credibility and demeanor. *Carmouche*, 10 S.W.3d at 327.

The trial court denied appellant's motion to suppress. In its findings of fact and conclusions of law, the trial court concluded as follows: (1) appellant was not in custody at the time his videotaped statement, State's Exhibit 121, was made; (2) the statement was not the product of promises or coercion; (3) the statement was admissible as it was not the product of custodial interrogation; and (4) the statement was freely, knowingly, and voluntarily given.

Article 38.22 section (3)(a) provides that, "no oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding" unless certain exceptions are met. TEX.CODE CRIM. P. ANN. art. 38.22 § 3(a) (Vernon 2002). Article 38.22 section 5 provides that nothing in this article precludes the admission of a statement that does not stem from custodial interrogation. TEX. CODE CRIM. P. ANN. art. 38.22 § 5 (Vernon 2002).

 "A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex.Crim. App.1996); *Chiles v. State*, 988 S.W.2d 411, 413 (Tex.App.-Houston [1st Dist.] 1999 pet. ref'd). "The reasonable person standard presupposes an innocent person." *Dowthitt*, 931 S.W.2d at 254. In *Dowthitt*, the Court of Criminal Appeals inferred custody when the circumstances consisted of (1) a very long time period during which interrogation occurred, (2) the exercise of police control over the defendant, and (3) the manifestation of probable cause after the defendant admitted to being present at the scene of the crime. 931 S.W.2d at 257.

Officer Henry Chisolm was the only witness who testified at the suppression hearing. Chisolm testified that Legoretta told him that appellant was involved in the robbery and murder. He also testified that he was there when Sergeant Ferguson called appellant's girlfriend and told her that the police wanted to speak with appellant. Appellant and his girlfriend voluntarily went to the Houston Police Department and waited in the visitor's room to speak with Chisolm. Chisolm told appellant that they would like to videotape his statement. Chisolm also told him that he was free to leave, that he was there voluntarily, and that he could talk about the incident if he wanted to. After Chisolm briefly told appellant the information the police had, appellant told him that he wanted to tell his side of the story. Chisolm testified that appellant was very willing to talk to him.

There were only two officers in the room when appellant gave his statement. Neither officer was armed. The police did not advise appellant of his rights under *Miranda*. There was no evidence that the officers coerced or forced appellant to make a statement. The videotaped statement was approximately 30 minutes long.

After appellant completed his statement, he was escorted back to the visitor's room where he was left unguarded with his girlfriend. Chisolm testified that there was nothing to prevent appellant from getting up and walking out of the police department. Appellant was still not under arrest.

Within the hour, Chisolm contacted the assistant district attorney and told him about appellant's statement, and charges against appellant were filed.

We hold that the trial court did not abuse its discretion in denying appellant's motion to suppress. A reasonable person in appellant's position would not have believed he was restrained to the degree associated with a formal arrest. Accordingly, we overrule appellant's second point of error.

### Effective Assistance

In his third point of error, appellant argues that he was denied effective assistance of counsel. The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See also Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). Appellant must show both that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and (2) but for counsel's error, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93.

It is the defendant's burden to prove ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. A defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strat-

egy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. A claim of ineffective assistance of counsel must be firmly supported by the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). We will not speculate to find trial counsel ineffective when the record is silent. *Alvarez v. State,* 79 S.W.3d 679, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.). When a convicted criminal asserts that his counsel was ineffective, only in rare cases will the record on direct appeal be sufficient for an appellant court to fairly evaluate the claim. *Robinson v. State,* 16 S.W.3d 808, 812 (Tex.Crim.App.2000).

■ Appellant contends that he was denied effective assistance of counsel because his trial counsel did not understand the holding in *Solomon v. State,* 49 S.W.3d 356 (Tex.Crim.App.2001). In response to the State's motion in limine, appellant's trial counsel argued that *Solomon* should not be followed because "that case could be reversed next week, and we never really know how any type of particular appellate issue is going to be resolved in the future." Appellant contends that the independent impulse defense was his only defense; therefore, his trial counsel was deficient by failing to argue and present evidence to establish it. We disagree.

The independent impulse defense was not appellant's only defense. Trial counsel argued and presented evidence that appellant did not promote, encourage, or agree to aid Tooter in the robbery. There was also evidence that appellant was an innocent witness who was trying to thwart the entire encounter. The trial counsel was not deficient simply because appellant's trial counsel chose a defense strategy other than independent impulse.

■ Appellant also contends that trial counsel failed to object to (1) the State's

voir dire explanation of section 7.02(b) of the Penal Code and (2) the State's misstatement about whether a witness had identified the appellant. During voir dire, the State explained that section 7.02(b) requires that a reasonable person in defendant's position foresee that the murder might happen. Appellant argues that this statement led the jury into believing that it did not have to find beyond a reasonable doubt that appellant anticipated the murder would result. During the State's examination of Ruth Perez, a witness who could not identify appellant, the State asked, "And we talked about Mr. Garcia yelling stuff like get on the floor, basically telling them to get on the ground."

Appellant did not allege that his counsel was ineffective in his motion for new trial. As a result, there is no evidence in the record as to why appellant's trial counsel did not object to the statements. Isolated failures to object to improper evidence or certain procedural mistakes do not constitute ineffective assistance of counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). To find trial counsel ineffective would call for speculation, which we will not do. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Gamble*, 916 S.W.2d at 93; *see also Henderson v. State*, 29 S.W.3d 616, 624 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding trial counsel not ineffective when record silent as to trial counsel's reasons for declining to request instruction on concurrent causation).

We overrule all of appellant's points of error.

### Conclusion

The trial court's judgment is affirmed.