Affirmed and Opinion filed July 1, 2004









Affirmed
and Opinion filed July 1, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01180-CR

____________

 

CLEON LAMONE TERRY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 932,867

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Cleon Lamone Terry, appeals
from his conviction for aggravated robbery. 
During the guilt/innocence phase of the trial, appellant changed his
plea to guilty, and the trial proceeded into the punishment phase.  A jury found appellant guilty and assessed
punishment at twenty-three years=
imprisonment.  On appeal, appellant
contends that (1) the trial court erred in overruling two hearsay objections,
and (2) he was denied effective assistance of counsel by defense counsel=s failure to
object to certain evidence.  We affirm.

 

 








Background

Complainant, Roxanne Matthews-Walker,
testified that she was in her automobile with her finance, Daniel Walker, when
appellant and another man, Terrance Mayes, approached them.  She recognized appellant from her apartment
complex, where she knew him as AChucky.@  During this first encounter, Mayes ordered
Mathews-Walker to give him the vehicle, but instead, she sped away.  Later, at Mathews-Walker=s apartment
complex, appellant and Mayes again approached Mathews-Walker and Walker.  This time, appellant held a gun and told
Mathews-Walker to A[g]ive up the car.@  Having retrieved and loaded his own weapon,
Walker fired at the robbers, hitting Mayes in the mouth.  Appellant and Mayes ran away.

During trial, appellant changed his plea
from not guilty to guilty, and the trial continued into the punishment
phase.  The State then presented evidence
regarding various extraneous offenses. 
It is this evidence, along with defense counsel=s failure to
object to portions of it, that forms the basis of this appeal.

Hearsay Objections

In his first issue, appellant contends
that the trial court erred in overruling two objections to Abackdoor hearsay.@  We review a trial court=s rulings regarding the admissibility
of evidence under an abuse of discretion standard.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000).  Hearsay is a
statement, other than one made by the declarant while testifying, offered into
evidence to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  Out-of-court statements do not have
to be directly quoted to implicate the hearsay rules.  Head v. State, 4 S.W.3d 258, 261 (Tex.
Crim. App. 1999).  The determination of
whether inBcourt statements constitute hearsay
involves deciding how easy it is to infer the content of statements made
outside the courtroom.  Id.  A[W]here there is
an inescapable conclusion that a piece of evidence is being offered to prove
statements made outside the courtroom, a party may not circumvent the hearsay
prohibition through artful questioning designed to elicit hearsay indirectly.@ 
Schaffer v. State, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989).








The first instance of alleged hearsay
occurred when the prosecutor was eliciting testimony from Officer Willie Sam
regarding his investigation of an aggravated assault, an extraneous offense to
the one charged in the present case. 
Appellant specifically points to the following exchange:

Q:        Did you have a
suspect?

A:        Yes sir, I
did.

Q:        Was [the
complainant] able to tell you who the suspect was?

A:        By an alias
only.

Q:        She knew him
by a nickname?

A:        Yes, sir.

Q:        What was that
nickname?

[Defense counsel]:  Objection, Your Honor.  That calls for hearsay.

The
Court:  Sustained.

Q:        How did you
determine who to look for after that?

A:        By running
that alias in the database.

Q:        What alias
name did you run?

[Defense counsel]: Objection, Your
Honor.  That=s back-door hearsay.

The
Court: Overruled.

Q:        Well, you ran
some name in the computer, right?

A:        Yes, sir.

Q:        What was it?








A:        Chucky.

As mentioned above, there was evidence that appellant
sometimes went by the nickname AChucky.@  Appellant argues that Officer Sam=s testimony, that
he ran the alias AChucky@ in the computer,
lead to the inescapable conclusion that the complainant had identified him as
the assailant.  Appellant contends that this was Abackdoor hearsay.@

Generally, testimony by a police officer offered to show how
the defendant became a suspect in an investigation is not hearsay.  E.g., Jones v. State, 843 S.W.2d 487,
499 (Tex. Crim. App. 1998); Dinkins v. State, 894 S.W.2d 330, 347 (Tex.
Crim. App. 1995); see also Ortiz v. State, 93 S.W.3d 79, 95 (Tex. Crim.
App. 2002) (discussing hearsay evidence related to investigation of extraneous
offense).  Hearsay is avoided because the
testimony was offered not to Aprove the truth of the matter asserted@ (here, that appellant committed an
aggravated assault) but rather to explain how the defendant became a
suspect.  See Dinkins, 894 S.W.2d
at 347.  Officer Sam=s testimony was not
hearsay.  Appellant=s first hearsay
argument is without merit.

The second instance of alleged hearsay
occurred when the prosecutor asked a witness about a break-in at a house that
the witness owned and where the witness=s daughter
lived.  The witness testified that
appellant broke into the house.  The
following exchange then occurred:

Q:        Were you aware
of anything that had been stolen?

A:        I was told by
my daughter B

[Defense
counsel]:  Objection to hearsay, Your
Honor.

The Court:  Sustained.

Q:        Were you aware
of whether or not your daughter had any clothingC

                        [Defense counsel]:  Objection, Your Honor.  Just back-door hearsay on the part of this
prosecutor.








Court:  Wait for his question.  Rephrase the question, please.

Q:        Did you know
whether or not your daughter had any clothing in her attic?

The witness went on to testify that her daughter kept clothes in the
attic for a friend and that, after appellant had broken into the house and had
fallen through the ceiling from the attic, the clothes were gone.

Appellant appears to be complaining that the witness=s testimony was hearsay because it
was based on information she could only have learned from her daughter.  This argument is unavailing for two reasons:
(1) defense counsel failed to object and obtain an adverse ruling on hearsay
grounds and (2) based on this record, the testimony was not hearsay.  To preserve evidentiary error for appellate
review, a complaining party must not only object but must also obtain an
adverse ruling on the record.  Tex. R. App. P. 33.1;  Cienfuegos v. State, 113 S.W.3d 481, 488
(Tex. App.CHouston [1st Dist.] 2003, pet.
struck).  As the excerpt above
demonstrates, defense counsel made a hearsay objection that was sustained, the
prosecutor attempted to ask a different question but was interrupted by a
premature objection, the trial court told defense counsel to A[w]ait for his question,@ and the prosecutor finished his
question.  Defense counsel did not then
object, and in fact, did not object again on hearsay grounds during the
remainder of the witness=s testimony.  No
hearsay objection preserved error, if any, for review.  See Tex.
R. App. P. 33.1; Cienfuegos, 113 S.W.3d at 488.

Even if the second objection had been adversely ruled on, and
thus preserved, there is no showing in the record that the witness based her
knowledge of the clothing in the attic on information told to her by her
daughter.  Indeed, except for the
beginning of her earlier answer, AI was told by my daughterC@ the witness made no further mention
of being told anything by her daughter. 
Appellant=s contentions are without merit. 
Accordingly, we overrule appellant=s first issue.

 

 








Assistance of Counsel

In his second issue, appellant contends
that he received ineffective assistance of counsel because defense counsel
failed to object to the admission of certain evidence.  The Sixth Amendment to the United States
Constitution guarantees the right to reasonably effective assistance of counsel
in criminal prosecutions.  U.S. Const. amend. VI; McMann v.
Richardson, 397 U.S. 759, 771 n.14 (1970). 
To obtain reversal of a conviction on the ground of ineffective
assistance, an appellant must demonstrate that (1) defense counsel=s performance fell
below an objective standard of reasonableness and (2) there is a reasonable
probability that, but for counsel=s unprofessional
conduct, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S.
668, 687 (1984).  In reviewing an
ineffective assistance claim, an appellate court Amust indulge a
strong presumption that counsel=s conduct [fell]
within the wide range of reasonable professional assistance; that is,
[appellant] must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.@  Id. at 689.  Appellant has the burden to rebut this
presumption by presenting evidence illustrating why trial counsel acted in the
way that he did.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
In the absence of evidence regarding counsel=s reasons for the
challenged conduct, Athe record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel.@  Freeman v. State, 125 S.W.3d 505, 506
(Tex. Crim. App. 2003) (quoting Thompson v. State, 9 S.W.3d 808, 813‑14
(Tex. Crim. App. 1999)).[1]

Here, appellant did not allege ineffective
assistance in a motion for new trial, and the record contains no explanation
for counsel=s conduct. 
We may therefore reverse only if Athe conduct was so
outrageous that no competent attorney would have engaged in it.@  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  Appellant
complains that his trial counsel failed to object in three particular
instances: (1) when a witness testified that 








appellant was frequently at an apartment complex
selling drugs, (2) when Officer Sam testified that he knew the gun he
discovered in a vehicle belonged to appellant because appellant=s girlfriend told
him so, and (3) when the prosecutor asked appellant=s step-father if
he knew appellant was a drug dealer.[2]  Appellant contends that defense counsel
should have objected in these three instances on the grounds, respectively, of
(1) improper extraneous offense evidence, (2) inadmissible hearsay, and (3)
relevance and not properly based on fact.

There may have been strategic reasons for
not objecting in these instances, but we may not speculate on counsel=s motives in the
face of a silent record.  See Thompson,
9 S.W.3d at 812, 814 (declining to speculate on counsel=s failure to
object to hearsay in light of silent record); Ortiz, 93 S.W.3d at 95
(suggesting strategic reasons for failure to object to hearsay); Young v.
State, 10 S.W.3d 705, 713 (Tex. App.CTexarkana 1999,
pet. ref=d) (suggesting
strategic reason for failure to object to extraneous offense evidence); Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.CHouston [1st
Dist.] 1996, no pet.) (declining to speculate on various failures to object to
admission of evidence); Wylie v. State, 908 S.W.2d 307, 309 (Tex. App.CSan Antonio 1995,
pet. ref=d) (suggesting
strategic reason for failure to object to character evidence).  Furthermore, isolated failures to object to
improper evidence generally do not constitute ineffective assistance of
counsel.  Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984); Garcia v. State, 106 S.W.3d 854,
860 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d), cert.
denied, 24 S. Ct. 2076 (2004). 
Accordingly, we cannot say that defense counsel=s conduct was Aso outrageous that
no competent attorney would have engaged in it.@  See Garcia, 57 S.W.3d at 440.  We overrule appellant=s second
issue.  

The trial court=s judgment is affirmed.

 

 

/s/      Adele Hedges

Chief Justice








Judgment
rendered and Opinion filed July 1, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Because the
record on direct appeal typically provides no evidence regarding defense
counsel=s motivations, it is usually preferable to bring
ineffective assistance claims in habeas corpus proceedings.  Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003).





[2]  Appellant=s step-father responded Ano@ to the question of whether he knew appellant was a
drug dealer.