Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued December 8,
2005


 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-04-00885-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOSIAS R. VALDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 963996

 








 



MEMORANDUM OPINION

          A
jury convicted appellant, Josias R. Valdez, of the felony offense of injury to
a child younger than fifteen years of age pursuant to Texas Penal Code Section
22.04.  Tex.
Pen. Code Ann. § 22.04 (Vernon 2003). 
The jury assessed punishment at ten years’ imprisonment and a $10,000
fine.  On appeal, Valdez contends his
attorney’s failure to object on several occasions during trial constitutes
ineffective assistance of counsel.  We hold
that Valdez has not demonstrated that counsel was ineffective and therefore affirm.    

Facts

          In
October 2003, Valdez’s neighbors called the police after finding Valdez’s son, also
named Josias Valdez (“Josias”), screaming for help in the parking lot of their
apartment complex.  Josias claimed to
have been left alone in the apartment by his father.  His hands were bound tightly with a piece of
cloth, and he had numerous bruises on his body, including multiple dark spots
on his back and a large bruise on his left thigh.  Josias told police his father hit him with a
board, and showed police where his father kept the board.  Valdez returned to the apartment complex during
the investigation and was arrested.       

Standard of Review

          To
show ineffective assistance of counsel, a defendant must demonstrate both (1) that
his counsel’s performance fell below an objective standard of reasonableness;
and (2) that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S.
668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State,
159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).  The Texas Court of Criminal Appeals observed
that the “purpose of this two-pronged test is to judge whether counsel’s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.”  Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001).  An appellant has
the burden to establish both of these prongs by a preponderance of the evidence,
and a failure to make either showing will defeat his ineffectiveness claim.  Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002); Andrews, 159 S.W.3d at 101.

 
We must look to the “totality of the representation and the particular
circumstances of each case” in evaluating the effectiveness of counsel.  Thompson, 9 S.W.3d 808, 813 (Tex. Crim
App. 1999); Rivera v. State, 123 S.W.3d 21, 28 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d).   In so doing,
we indulge a strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance, and we will find counsel’s
performance deficient only if the conduct is so outrageous that no competent
attorney would have engaged in it.  Andrews,
159 S.W.3d at 101.  “[T]he defendant must
overcome the presumption that, under the circumstances, the challenged action ‘might
be considered sound trial strategy.’”  Strickland,
466 U.S. at 689, 104 S. Ct. at 2064 (quoting Michel v. Louisiana, 350
U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). 
In assessing whether a defendant has overcome this presumption, we are
limited to the facts of the case.  Thompson,
9 S.W.3d at 813.  We cannot speculate
beyond the record provided, so any allegation of ineffectiveness must be firmly
founded in the record, and the record affirmatively must demonstrate the
alleged ineffectiveness.  Id.

Ineffective Assistance of Counsel

          Valdez
contends that trial counsel’s failure to object on several occasions constitutes
ineffective assistance of counsel.  Specifically,
Valdez contends his counsel was ineffective in failing to object to instances
of witness speculation, leading questions on direct examination, a witness
answering in the narrative, irrelevant testimony, a non-responsive answer on
cross-examination, inadmissible hearsay, and an expert testifying outside his area
of expertise.  

First, our review of the record
reveals much of the complained-of testimony was admissible, and cannot
therefore form the basis of an ineffectiveness claim.  “When an ineffective assistance claim alleges
that counsel was deficient in failing to object to the admission of evidence,
the defendant must show, as part of his claim, that the evidence was
inadmissible.”  Ortiz v. State, 93
S.W.3d 79, 93 (Tex. Crim. App. 2002).  Here, Valdez contends that a physician’s
testimony about the typical types of injuries that result from child abuse was
irrelevant. However, this information was likely to assist the jury in
determining whether Josias’s injuries were the result of abuse, as permitted by
Texas Rule of Evidence 702.  See Tex. R. Evid. 702 (“If scientific,
technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education may testify
thereto in the form of an opinion or otherwise.”).  Valdez also contends that testimony of
Josias’s CPS caseworker concerning the types of patients housed at Intracare
Psychiatric Hospital was outside the scope of his expertise.  The caseworker testified:

Q:      What is
Intracare Psychiatric Hospital?

 

A:      Intracare
is a psychiatric hospital here in Harris county, Houston, Texas, and it’s a
psychiatric inpatient hospital for patients who go and they’re stabilized.

 

Q:      What
do you mean, “stabilized”?

 

A:      Sometimes
they’re having – well, they’ll be having psychiatric outbursts or perhaps
delusions or emotional [sic] as a result of trauma.

 

The caseworker then testified that
CPS sends many children to that facility. 
As a CPS caseworker who sends abused children to that facility often, he
would be in a position to know, generally, why people are sent there and how
they are treated.  Failure to object to
this admissible evidence does not constitute deficient performance.

Second, none of the failures to
object to potentially inadmissible testimony are sufficient, in themselves, to
constitute deficient performance.  Isolated
failures to object to improper evidence or certain procedural mistakes do not
constitute ineffective assistance of counsel.  Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984); see Thompson, 9 S.W.3d at 814 (holding
presumption of strategy not rebutted where record was “silent as to why
appellant’s trial counsel failed to object to the State’s persistent attempts
to elicit inadmissible hearsay”); see also Garcia v. State, 106 S.W.3d
854, 860 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d), cert. denied,
541 U.S. 1013, 124 S. Ct. 2076 (2004) (holding presumption of strategy not
rebutted where record was silent as to counsel’s failure to object to
misstatements by the State).  

Valdez contends that several
witnesses testified to inadmissible hearsay, but directs us to only one such
instance in his brief—that of the CPS caseworker’s testimony regarding other
available facilities.  The judge stopped
the questioning of the CPS caseworker and admonished defense counsel that he
could have been objecting because the testimony concerning what type of foster
care facilities exist in Texas was not relevant given that Josias was not
staying at any of them.  The fact that
the judge would have sustained a relevance objection about a discussion
regarding other available foster care facilities does not demonstrate that
counsel’s performance fell below an objective standard of reasonableness.  See Ex parte White, 160 S.W.3d 46, 54
(Tex. Crim. App. 2004) (holding counsel’s failure to object to irrelevant and
highly prejudicial evidence did not constitute ineffective assistance because
“we cannot say, if an objection had been sustained and the testimony excluded,
the result of the trial probably would have been different”).  In Thompson, where counsel failed to
object to multiple instances of hearsay, the court concluded it is possible
that counsel “at that moment may have reasonably decided that the
testimony was not inadmissible and an objection was not appropriate.”  9 S.W.3d at 814.  Here, Valdez similarly fails to demonstrate
that his counsel’s decision was not a reasonable determination that the
testimony was admissible or that it would have been more harmful to object.

Viewing the totality of the record, Valdez
fails to demonstrate that counsel’s actions were not part of a reasonable trial
strategy.  This case is similar to Gamble
v. State, 916 S.W.2d 92 (Tex. App.—Houston [1st Dist.] 1996, no pet.), in
which defendant complained of multiple failures to object to such things as inadmissible
hearsay, admission of an extraneous offense, opinion testimony, improper jury
arguments, comments on his post-arrest silence, and tainted in-court
identification.  There, this Court held
that because the record was silent as to why counsel failed to object, the
presumption of trial strategy was not overcome. 
Id. at 93.  Here, Valdez did
not move for a new trial; thus, no evidence in the record indicates the reasons
behind trial counsel’s decisions not to object to the statements of the
witnesses.  We will not speculate as to
why counsel did not object, and in the absence of a record to the contrary, we
presume “that trial counsel made all significant decisions in the exercise of
reasonable professional judgment.”  Gamble,
916 S.W.3d at 93.  We hold that Valdez
fails to overcome the presumption that his counsel’s failures to object were
part of a reasonable trial strategy.

Conclusion

          Valdez
fails to satisfy the first prong of Strickland.  We therefore affirm the judgment of the trial
court.[2]

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[2] We note that Valdez filed a motion requesting time to
file supplemental briefing, which this court granted.  Valdez failed to file such supplemental
briefing, so we resolve the case based on the original briefing.