Affirmed and Memorandum Opinion filed June 29, 2006








Affirmed and Memorandum Opinion filed June 29, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00178-CR

____________

 

DENNIS GREGORY DODSON II, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 278th
District Court

Grimes County, Texas

Trial Court Cause No. 15,113

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Dennis Gregory Dodson II, appeals from his
conviction for aggravated perjury.  A jury found him guilty, and the trial
court sentenced him to ten years= imprisonment.  In
two issues, appellant contends that he received ineffective assistance of
counsel.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.

Background

Appellant and Lucinda Dodson were married and had three
children.  In 2002, Lucinda met Michael Payne at her place of employment and
they began a relationship.  Lucinda decided to move out of the home she shared
with appellant and to move in with Payne.  At the time, Payne lived with his
sister, so Lucinda and Payne temporarily stayed in a motel room.  The first
night they stayed there, Lucinda=s and appellant=s two youngest
children stayed with them.  The motel room had only one bed in which the
children, Lucinda, and Payne slept.  Both Lucinda and Payne testified that they
were all fully clothed and that only the children slept under the bed covers. 
The next day, Lucinda permitted the children to visit her sister-in-law. 
Later, the youngest child reported to appellant that her vagina hurt when she
urinated.  Appellant subsequently reported to the police that Payne had
sexually assaulted the child.

Law enforcement officers arranged to have the child
examined at Scottie=s House, an advocacy center that conducts
medical examinations and interviews of child victims of sexual abuse.  During
an interview at Scottie=s House, the child indicated that Payne
had touched her vagina.  The medical examination revealed a labial adhesion,
which is not uncommon in young girls.  The nurse practitioner who performed the
examination testified that a labial adhesion is inconsistent with a single
incident of sexual assault and is most often caused by poor hygiene.  

The grand jury subsequently considered sexual assault
charges against Payne.[1]
Appellant testified before the grand jury that his daughter said that Payne had
touched her.  Appellant later admitted to Lucinda that he told the child to lie
about Payne because he was angry that Lucinda had left him.  At his perjury
trial, appellant testified that he told Lucinda that he had instructed his
daughter to lie only because Lucinda told him that she would come back to him.








Ineffective Assistance of Counsel

In two issues, appellant contends that he received
ineffective assistance in that his trial counsel failed to object to
inadmissible evidence.  To prove ineffective assistance of counsel, appellant
must demonstrate that his counsel=s performance was
deficient because it fell below an objective standard of reasonableness, and
that there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  Strickland v.
Washington, 466 U.S. 668, 687 (1984); Rodriguez v. State, 899 S.W.2d
658, 664 (Tex. Crim. App. 1995).  Whether this standard has been met is to be
judged by the totality of the representation rather than by isolated acts or
omissions of counsel.  Rodriguez, 899 S.W.2d at 665.  Appellant must
prove ineffectiveness by a preponderance of the evidence.  Id.  There is
a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
Appellant has the burden to rebut this presumption by presenting evidence
illustrating why trial counsel acted in the way that he did.  Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  In the absence of
evidence regarding counsel=s reasons for the challenged conduct, the
record on direct appeal is simply undeveloped and cannot adequately reflect the
alleged failings of trial counsel.  Freeman v. State, 125 S.W.3d 505,
506 (Tex. Crim. App. 2003). 

Here, appellant did not allege ineffective assistance in a
motion for new trial, and the record contains no explanation for counsel=s conduct.  We may
therefore reverse only if Athe conduct was so outrageous that no
competent attorney would have engaged in it.@  Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  








In his first issue, appellant argues that his trial counsel
rendered ineffective assistance by failing to object to a tape recording of a
telephone conversation on grounds that the conversation was a privileged
communication between husband and wife.  Deputy Sheriff Angela Shroeder
testified that after the child reported that appellant told her to lie, the
investigators decided to record a telephone conversation among Payne, Lucinda,
and appellant.  Payne telephoned appellant at appellant=s place of
employment.  Payne asked appellant why he continued to lie about the alleged
sexual assault.  Appellant said that he was not lying, and he was angry that
Payne had been seeing Lucinda.  After a heated conversation, Payne asked if
appellant would like to speak with Lucinda, and he gave her the telephone. 
Lucinda asked appellant why he was lying and said that if he told the truth,
she would come back to him.  After repeated denials, appellant admitted lying
because he was angry with Payne and Lucinda.  The tape was played for the jury
without objection.  When appellant testified at trial, he claimed that he said
he had told the child to lie only because Lucinda had promised to come back to
him.

Appellant contends that his conversation with Lucinda was
protected by the confidential communication privilege found in Texas Rule of
Evidence 504.  Rule 504 provides that a person has a privilege during marriage
and afterwards to refuse to disclose and to prevent another from disclosing a
confidential communication made to the person=s spouse while
they were married.  Tex. R. Evid. 504(a). 
There are, however, recognized exceptions to the rule that communications
between spouses are absolutely privileged.  One such exception involves
statements between husband and wife that are overheard by third persons.  Zimmerman
v. State, 750 S.W.2d 194, 199 (Tex. Crim. App. 1988); Weaver v. State,
855 S.W.2d 116, 121 (Tex. App.CHouston [14th Dist.] 1993, no pet.). 
Communications overheard by a third party lose their confidential character.  Zimmerman,
750 S.W.2d at 199.  In this case, the tape recording is identified as a conversation
among Payne, appellant, and Lucinda.  There is no indication on the tape
whether or not Payne overheard the conversation between Lucinda and appellant. 
Therefore, the record does not establish that admission of the tape recording
would have been prohibited by Rule 504.  








Furthermore, there may have been strategic reasons for not
objecting to the admission of the tape-recorded conversation, including the
admission of appellant=s repeated denials that he had told the
child to lie.  However, we may not speculate on counsel=s motives in the
face of a silent record.  See Thompson, 9 S.W.3d at 814.  Accordingly,
we cannot say that defense counsel=s conduct was Aso outrageous that
no competent attorney would have engaged in it.@  See Garcia,
57 S.W.3d at 440.  We overrule appellant=s first issue.

In his second issue, appellant complains of his counsel=s failure to
object to hearsay testimony.  Deputy Shroeder testified that Lucinda told her
that the child admitted that appellant had told her to report Payne=s assault. 
Appellant failed to object to that statement.  Shroeder further testified that
appellant=s other child, who also spent the night in the motel
room, was also instructed by appellant to lie.  Appellant objected to the
testimony about the other child, and the trial court sustained the objection. 
Further, Payne testified that the child admitted that appellant had told her to
lie.  Appellant did not object to Payne=s testimony.

Appellant complains that his trial counsel failed to object
to the hearsay testimony of Shroeder and Payne.  There may have been strategic
reasons for not objecting to Shroeder=s and Payne=s testimony, but
we may not speculate on counsel=s motives in the face of a silent record. 
See Thompson, 9 S.W.3d at 814.  Furthermore, isolated failures to object
to improper evidence generally do not constitute ineffective assistance of
counsel.  Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); Garcia
v. State, 106 S.W.3d 854, 860 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d), cert. denied, 541 U.S. 1013
(2004).  Evaluating the attorney=s choices made
during trial would require us to second‑guess his strategy through
hindsight, an exercise which cannot support a finding of ineffective
assistance.  Longoria v. State, 148 S.W.3d 657, 659 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  We overrule appellant=s second issue.

The judgment of the trial court is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment rendered
and Opinion filed June 29, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The record is silent as to the outcome of this
proceeding.