

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00046-CR

---

RONALD RAY CHAPPELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 46th District Court
Foard County, Texas
Trial Court No. 1272, Honorable Dan Mike Bird, Presiding

---

October 12, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Ronald Ray Chappell appeals from the trial court's order revoking his community supervision and imposing a sentence of imprisonment for three years. Appellant challenges the order through three issues. We will affirm.

Background

In October 2012, appellant was convicted of the offense of failure to register as a sex offender.[1] He was sentenced to imprisonment for a term of three years, but the court suspended his sentence and placed appellant on community supervision for a period of five years. His community supervision was subject to certain terms and conditions.

In September 2016, the State filed a motion to revoke appellant's community supervision, alleging he violated the terms and conditions of his community supervision by: (1) committing a criminal offense, namely "intentionally and knowingly caus[ing] the penetration of the sexual organ of Jane Doe . . ., a child who was then and there younger than 14 years of age, by defendant's finger" on two separate occasions in 2016; and (2) by failing to pay his fine, court costs, restitution and a monthly probation service fee as required.

The court held a hearing in November 2016. Appellant appeared with counsel and entered a plea of "not true" to each allegation. At that hearing, the State presented the testimony of a Texas Ranger, Ricky Brown.[2] Brown testified he responded to a call after a thirteen-year-old female accused appellant of "inappropriate sexual contact with her." Brown told the court that he interviewed appellant at the sheriff's office two days after the call. Brown said that on the day of the interview, he was wearing his uniform, likely without

---

[1] TEX. CODE CRIM. PROC. ANN. art. 62.051 (West 2017).

[2] The State also presented the testimony of appellant's community supervision officer. He testified appellant had failed to pay fees and fines and was delinquent in the amount of $1315.93. He also told the court appellant is unemployed but had worked for a ranch "a couple of times." The court did not find appellant violated the payment terms of his community supervision.

his jacket, a badge, and a visible sidearm. The interview took place in a windowless conference room with "a big table and some desks." The room had one door that was closed during the interview. The audio of the interview was recorded. Brown did not inform appellant of his *Miranda*[3] rights. Brown agreed with the prosecutor that when appellant arrived to speak with him, he told appellant he was free to go, and told him he would not be arrested during the interview.[4] Brown testified he did not, in fact, arrest appellant at that time and appellant left after the hour-long interview. Appellant was arrested later that day.

Brown testified that appellant told him he lived with his wife, two girls and two boys. Appellant is the step-father to those children. One of those children is the thirteen-year-old female complainant. During the interview, appellant described incidents with the child that occurred over several months. Appellant initially told Brown the accusations were untrue, and the child was "reacting because of some type of disciplinary action on his part." Appellant later told Brown "his hand might have touched [the child's] vagina while they were wrestling" at the house where they lived together. At Brown's request, appellant allowed Brown to draw an outline of appellant's hand and appellant drew a line on the outline, showing how far his finger was inserted in the child's vagina. The drawing, signed and dated by appellant, was admitted into evidence at the hearing.

Brown testified also to another incident appellant described. Appellant told him "he had had a little to drink and that he had had some type of sexual dream and he was

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] During cross-examination, Brown said, "I told [appellant] he was free to leave when he chose to do so."

just acting upon that dream and then realized what he had done and stopped." Brown said appellant told him "[h]e once again stuck his finger inside of [the child's] vagina."

Brown then described to the court a final incident appellant related. "[H]e said that she came in and she was wearing shorts without underwear underneath and he once again rubbed her vagina and he thought that she wanted him to do that action." At Brown's request, appellant again indicated on the drawing of his hand how far he placed his finger into the child's vagina on that occasion. Brown testified appellant became emotional at the end of the interview and he said, "he knew what he had done was wrong and that he was . . . sorry for what he had done."

After hearing the evidence presented, the court found "the statement given by the Defendant to the Texas Ranger, Mr. Brown . . . was the result of non-custodial interrogation." The court further stated, "the Court does find that [appellant] did violate Condition No. 3 in that Ronald Ray Chappell did fail to commit no offense against the law of this state or any other state or the United States . . . ." It then revoked appellant's community supervision and sentenced him to three years of confinement. This appeal followed.

## Analysis

### Standard of Review

When reviewing an order revoking community supervision, the only question before this Court is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App.1984) (citation omitted). In a revocation proceeding, the State is required to prove by a preponderance of the evidence that the probationer

4

violated a condition of community supervision as alleged in the motion to revoke. *Id.* (citation omitted). If the State fails to satisfy its burden of proof, the trial court abuses its discretion in revoking community supervision. *Id.* at 493-94. (citation omitted). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Id.* at 493.

Admission of Appellant's Statements

In his first two appellate issues, appellant asserts his statements to Brown were inadmissible because he was neither informed of his *Miranda* rights nor provided any other warnings before speaking with Brown. He asserts his statements were admitted at the hearing on the State's motion to revoke in violation of his constitutional rights under the Texas and United States Constitutions.

The requirements of warning and waiver of rights set forth in *Miranda* serve to protect the Fifth Amendment right against compelled self-incrimination. *State v. Ortiz,* 382 S.W.3d 367, 371 (Tex. Crim. App. 2012). To determine whether *Miranda* applies in a particular circumstance, courts apply an objective test to determine whether there was a formal arrest or restraint on freedom of movement of the degree associated with formal arrest. *Herrera v. State,* 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). The objective circumstances are viewed through the eyes of a reasonable person such that "[a] person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Id.* (citations omitted).

The "determination of custody must be made on an ad hoc basis, after considering all of the (objective) circumstances." *Dowthitt v. State,* 931 S.W.2d 244, 255 (Tex. Crim. App. 1996). Among the circumstances the Court of Criminal Appeals has outlined that may constitute custody, the circumstance relevant here is of the third kind, i.e., when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted. *Id.* However, stationhouse questioning alone does not constitute custody. *Estrada v. State,* 313 S.W.3d 274, 294-95 (Tex. Crim. App. 2010) (citations omitted).

At the hearing, Brown was the only witness who described his interview of appellant. The recording of the interview was not admitted into evidence. *See Allbright v. State,* 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd) (in a revocation hearing, the trial judge is the sole trier of fact, determines the credibility of the witnesses and the weight to be given their testimony, and may also accept or reject any or all of the witness's testimony). The Sheriff's Office contacted appellant and asked him to come to the station. Brown testified he met with appellant at the station to discuss the accusations. As noted, the interview was held in a conference room with a door that was closed. The record contains no indication appellant was handcuffed or otherwise restrained, or that his statements were the result of threats, promises or other coercion. The recorded interview took approximately an hour to complete. Brown said he told appellant he was free to leave. And, appellant did in fact leave when the interview was completed. Brown also told appellant he would not be arrested at the time of the interview. And, appellant was not arrested at that time but rather later that day.

6

The circumstances of the interview Brown described are similar to those in *Kennedy v. State,* No. 06-15-00155-CR, 2016 Tex. App. LEXIS 10484, at *14-15 (Tex. App.—Texarkana Sep. 27, 2016, no pet.) (mem. op., not designated for publication). There, the officer called the defendant and asked him if he would be willing to speak with him about "uncorroborated allegations" of wrongdoing committed by the defendant. *Id.* Of "his own volition, [the defendant] agreed and travelled to meet with [the officer]. [The officer] informed him that the interview was noncustodial and that he was free to leave. His freedom of movement was not restrained during the interview. [The officer's] questioning was conducted in a conversational, non-threatening tone." *Id.* at *15. The interview was of short duration. *Id.* The court concluded that the "voluntary and noncustodial nature of [the officer's] interview places [the defendant's] situation outside the scope of *Miranda.*" *Id.* (citing *Salinas v. Tex.,* 50 U.S. 178, 185 (2013)). *See also Garcia v. State,* 106 S.W.3d 854, 858-59 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (finding defendant was not in custody when suspect voluntarily went to the police department, was told "he was free to leave, that he was there voluntarily, and that he could talk about the incident if he wanted to.").

Appellant cites *McCulley v. State,* 352 S.W.3d 107 (Tex. App.—Fort Worth 2011, pet. ref'd), in which the court held the defendant's police-station questioning became custodial at a point. The circumstances described in the court's opinion, however, differ significantly from those Brown described in his testimony. The court found the defendant in *McCulley* was "physically deprived of his freedom in a significant way" during his questioning. *Id.* at 116. And the court found a reasonable person in McCulley's situation would have believed his freedom of movement was significantly restricted. Officers

rebuffed his expressed desires to go to the hospital to see his wife and to go home, and directly expressed to him "several times" that they possessed probable cause he committed his wife's murder. *Id.* Brown's description of his interview with appellant contains none of those indications of custodial interrogation.

On this record, we cannot find the trial court abused its discretion by determining appellant's statement to Brown was the result of non-custodial interrogation. Brown's testimony does not describe circumstances that would lead a reasonable person to believe his freedom of movement was restricted to the degree associated with a formal arrest. We overrule appellant's first and second issues.

Proof of State's Allegations

Appellant's third issue focuses on language contained in the motion to revoke and the judgment. Both state:

> Said Defendant, RONALD RAY CHAPPELL, did fail to commit no offense against the laws of this or any other State or the United States; On or about the 31st day of August, 2016, Defendant, RONALD RAY CHAPPELL, was indicted by the Foard County Grand Jury in Cause No. 1318 (Count I) alleging defendant did then and there, in Foard County, Texas, on or about the 1st day of January, 2016, intentionally and knowingly cause the penetration of the sexual organ of Jane Doe, a pseudonym, a child who was then and there younger than 14 years of age, by defendant's finger; And indicted by the Foard County Grand Jury in Cause No. 1318 (Count II) alleging defendant did then and there, in Foard County, Texas, on or about the 9th day of May, 2016, intentionally and knowingly cause the penetration of the sexual organ of Jane Doe, a pseudonym, a child who was then and there younger than 14 years of age, by defendant's finger[.]

Appellant argues that, based on this language, the trial court never found appellant had committed an offense. Rather, he contends, the trial court merely found appellant had been indicted for those offenses. We agree the language of both the motion to revoke

8

and the judgment contain the language that appellant points out. However, his appellate issue challenges the sufficiency of the evidence and we cannot agree with appellant's position that the evidence supporting the trial court's revocation was insufficient.

Brown's testimony, supplemented by the drawing of appellant's hand, provided evidence of each of the elements of the offense the State alleged appellant committed. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West 2018) (providing elements of aggravated sexual assault of a child by penetrating the child's sexual organ by any means). In his appellate issue, appellant argues only that the State's proof fails without Brown's statements. Appellant raises no other complaint regarding the State's proof of its allegation. Nor does appellant contend he was misled by the language of the motion to revoke. We note also that at the conclusion of the hearing, the trial court explicitly found appellant violated the third condition of his community supervision.

We conclude the State proved by a preponderance of the evidence appellant violated Condition No. 3 of his community supervision. *See Duhon v. State,* No. 07-07-0064-CR, 2007 Tex. App. LEXIS 7866, at *2-3 (Tex. App.—Amarillo October 2, 2007, no pet.) (mem. op., not designated for publication) (citing *Jenkins v. State,* 740 S.W.2d 435, 437 (Tex. Crim. App. 1983) (the State meets its burden if the greater weight of credible evidence creates a reasonable belief that a condition of community supervision was violated as alleged)). Accordingly, we resolve appellant's third issue against him.

Conclusion

We find the trial court did not abuse its discretion in revoking appellant's community supervision and sentencing him to three years of confinement. Having overruled appellant's issue, we affirm the order of the trial court.

James T. Campbell
Justice

Do not publish.