

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00056-CR

David Anthony **AGUILAR**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR1185
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 30, 2021

AFFIRMED

A jury convicted appellant David Aguilar of continuous sexual abuse of a child younger

than fourteen years of age. Aguilar raises eight issues on appeal. We affirm.

### BACKGROUND

Aguilar's stepdaughter, Amy, accused him of repeatedly engaging in various sexual acts

with her over a two-year period.[1] Subsequently, Amy's cousin, Karen, revealed she also had been

---

[1] We refer to Aguilar's stepdaughter with the pseudonym, Amy.

forced to engage in sexual acts with Aguilar during the same period of time.[2] Amy and Karen were both less than fourteen years old during the period they claimed the sexual encounters occurred.

Aguilar was charged with one count of continuous sexual abuse of a child younger than fourteen years of age and two counts of indecency with a child by sexual contact. The jury found Aguilar guilty of continuous sexual abuse of a child younger than fourteen years of age and not guilty on the two counts of indecency with a child by sexual contact. The trial court sentenced Aguilar to thirty years' confinement, and he is ineligible for parole. *See* TEX. GOV'T CODE ANN. § 508.145(a) (stating a defendant who is convicted of continuous sexual abuse of a child younger than fourteen years of age is not eligible for parole). This appeal followed.

### DISCUSSION

In eight issues, Aguilar argues: (1) the trial court abused its discretion when it overruled an argumentative objection; (2) allegedly improper questions, remarks, and jury argument cumulated to prosecutorial misconduct; (3) the legislative sentencing scheme for continuous sexual abuse of a child violates constitutional prohibitions against cruel and unusual punishment; (4)-(5) the trial court abused its discretion, and denied Aguilar the right to present a defense, when it denied his oral motion for a continuance on the first day of trial; (6)-(7) the trial court abused its discretion, and denied Aguilar the right to present a defense, when it granted the State's motion in limine regarding Amy's biological father's status as a registered sex offender; and (8) the cumulative effect of these errors denied Aguilar a fair trial.

---

[2] We refer to Amy's cousin with the pseudonym, Karen.

**ARGUMENTATIVE OBJECTION AND PROSECUTORIAL MISCONDUCT**

In his first and second issues, Aguilar combines several arguments that he claims amount to repeated prosecutorial misconduct. First, Aguilar argues the trial court erred when it overruled his argumentative objection. Next, Aguilar argues the line of questioning following his overruled objection was improper and constituted prosecutorial misconduct. Also within his first two issues, Aguilar argues the prosecutor made improper remarks when cross-examining Aguilar and another defense witness, and the prosecutor engaged in improper jury argument. Although Aguilar did not make a single objection to prosecutorial misconduct at trial, he claims the prosecutor's conduct undermined his right to a fair trial and, thus, rose to the level of fundamental error that does not need to be preserved at trial to be reviewed on appeal. We disagree.

At the outset, we note Aguilar has presented us with a multifarious issue by combining several contentions into two merged issues. An issue is multifarious if it combines more than one contention in a single issue. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). A multifarious issue presents nothing for review and may be overruled on that basis alone. *See County v. State*, 812 S.W.2d 303, 308 (Tex. Crim. App. 1989). However, in the interest of justice, we consider Aguilar's contentions as sub-issues. *See Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd) ("As an appellate court, we may refuse to review a multifarious issue or we may elect to consider the issue if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made.").

*Argumentative Objection and Subsequent Questions*

Aguilar chose to testify in his own defense, and he now complains the trial court erred when it permitted the State to question him concerning his ability to aid in his defense and the relevancy of his prior testimony on direct examination.

"We review a trial court's decision to admit evidence over objection under an abuse-of-discretion standard and will not reverse that decision absent a clear abuse of discretion." *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). "The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement." *Id.*

Aguilar argues the questions the State asked him on cross-examination inferred he was raising irrelevant information, interjected the prosecutor's personal opinion on the evidence, invaded the attorney-client and work-product privileges, prevented Aguilar's right to present a defense, and forced Aguilar to defend his credibility. Aguilar fails to explain how the State's questions resulted in the errors about which he now complains. Also, Aguilar did not make a single objection to the trial court based on these complaints and any error on those bases has not been preserved for review. TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ("To preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection."); *Little v. State*, 758 S.W.2d 551, 563 (Tex. Crim. App. 1988) ("[I]t is clear that a failure to object in a timely and specific manner during trial will waive error in the admission of evidence . . . [;] this is true even though the error may concern a constitutional right of the defendant.").

Aguilar lodged an argumentative objection to only one of the many questions he now complains about and did not obtain a running objection. As such, any complaints concerning questions that did not draw an objection have also not been preserved for review. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (holding to preserve error in admitting evidence, "a party must object each time the inadmissible evidence is offered or obtain a running objection").

As to the complaint that was preserved, Aguilar argues the trial court erred when it overruled his argumentative objection while he was being cross-examined by the State in the following exchange:

State:     Okay.  So I guess I'm struggling to figure out why you chose to testify about [Karen's mom] dating some guy and it was your opinion that she was just trying to get [Amy's mom] to watch [Karen] so she could go out on a date?

Aguilar:   It was asked why was [Karen] staying with us all the time and at the end why she wasn't.

State:     Okay.  So you have nothing to do with your own defense and the questions that get asked of you?

Defense:   Judge, I'm going to object to that as argumentative.

Court:     Overruled.

Aguilar:   What are you trying to say?

State:     Well, yeah, I mean, you've been assisting in your own defense.  Right?

Aguilar:   I'm talking for myself, yes, sir.

"A question is argumentative if it is merely an effort by counsel to make a jury argument, to summarize, draw inferences from, or comment on the evidence, or to ask the witness to testify as to his own credibility."  2A STEVEN GOODE & OLIN GUY WELLBORN III, TEXAS PRACTICE SERIES: COURTROOM HANDBOOK ON TEXAS EVIDENCE *OBJ 2. Argumentative Question (Rule 611(a))* (2021).

The question complained of here was not an attempt to make a jury argument nor was it a summation or comment on the evidence.  In the question that was objected to, the prosecutor asked if Aguilar aided his counsel in the preparation of his defense.  Aguilar has failed to show us how this question is argumentative, and we cannot say the trial court abused its discretion when it overruled Aguilar's argumentative objection.

*Question on Defendant's Veracity*

In the final paragraph of his argument regarding his argumentative objection, Aguilar argues the prosecutor engaged in prosecutorial misconduct during the line of questions following his overruled objection. Specifically, Aguilar contends the following question was an improper comment on the truthfulness of Aguilar's testimony:

> Q. Okay. So to act like you're woefully ignorant that you're going to get asked about [Karen's mom] and her parenting style, I mean, that's not really being truthful with them, is it?

Aguilar did not object to this question at trial.

"To preserve error for prosecutorial misconduct, the appellant must: (1) make a timely and specific objection; (2) request an instruction to disregard the matter improperly placed before the jury; and (3) move for mistrial." *Hernandez v. State*, 219 S.W.3d 6, 14 (Tex. App.—San Antonio 2006), *aff'd*, 273 S.W.3d 685 (Tex. Crim. App. 2008). Because Aguilar did not lodge an objection to this question, he has failed to preserve this error for review.

Moreover, Aguilar's argument is premised on the assumption that the prosecutor made a matter-of-fact assertion regarding Aguilar's truthfulness. *Cf. Temple v. State*, 342 S.W.3d 572, 597 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013) (holding the prosecutor engaged in misconduct when he "accused appellant of being a liar, not indirectly through a question, but as a matter-of-fact assertion"). Here, the prosecutor's alleged accusation came in the form of a question, not as a matter-of-fact assertion. Accordingly, Aguilar's argument is without merit.

*Side Bar Comment*

Aguilar called Jaelynda Prothero, who was his neighbor during the time period that the sexual abuse occurred, to testify. On cross-examination, the State asked whether Aguilar still used

- 6 -

the bed Prothero had given him or whether he had replaced it. In response to questions posed by the State, Prothero testified as follows:

Prothero:     That bed is the bed that Mr. Aguilar still sleeps in to this day, sir.

State:        Okay. So you know what's in his bedroom?

Prothero:     Yes, sir.

State:        Okay. That's interesting. Okay.

Aguilar objected to the State's comments as sidebar remarks. *See Jimenez v. State*, 240 S.W.3d 384, 404 (Tex. App.—Austin 2007, pet. ref'd) ("Sidebar remarks are remarks of counsel that are neither questions to the witness nor comments addressed to the court."). The trial court sustained the objection and Aguilar did not request any further relief.

The general prerequisite to presenting a complaint on appellate review is a showing that a timely and specific objection, request, or motion was pursued to an adverse ruling, or the trial court refused to rule on the complaint. *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999); *see also* TEX. R. APP. P. 33.1(a). "To reach the level of an adverse ruling, if the objection is sustained, counsel must then ask for an instruction to disregard." *Schumacher v. State*, 72 S.W.3d 43, 47 (Tex. App.—Texarkana 2001, pet. ref'd) (citing *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985)). "If counsel does not pursue the objection to an adverse ruling, error is not preserved." *Schumacher*, 72 S.W.3d at 47 (citing *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991)). When the objection is sustained, and no further relief is requested, nothing is preserved for review. *See Turner v. State*, 805 S.W.2d 423, 431–32 (Tex. Crim. App. 1991) (holding appellant failed to preserve error when he obtained all relief requested from the trial court and did not pursue his complaint to an adverse ruling).

Here, Aguilar did not pursue his complaint to an adverse ruling. Because the trial court sustained Aguilar's sidebar objection, and he requested no further relief, there is nothing presented

for us to review on appeal. *See Fuller v. State*, 501 S.W.2d 112, 114 (Tex. Crim. App. 1973) ("[A]ppellant's objection was sustained without any further relief requested. Nothing is presented for review."); *Temple*, 342 S.W.3d at 595 ("[T]he trial court committed no error because it granted appellant all the relief he requested."); *Badall v. State*, 216 S.W.3d 865, 872 (Tex. App.— Beaumont 2007, pet. ref'd) ("Because [appellant's] objection[s] . . . were sustained, and he requested no further relief, nothing has been preserved for review on appeal.").

*Jury Argument*

We next consider Aguilar's contention that two statements made by the prosecutor during closing arguments were improper.

In closing argument, defense counsel argued Amy "would have done something to make it stop" if she was being repeatedly sexually abused by Aguilar. Therefore, defense counsel concluded, the sexual abuse never occurred because Amy did not tell anyone until several years later. In rebuttal argument, the State responded:

> Look, [defense counsel is] my friend and I've known him for years. We've tried several cases together. You know what, I don't care. To blame her and to say that somehow she should have taken responsibility to stop her own dad from raping her is insulting. I'm going to leave it at that because it, frankly, makes my blood boil.

Aguilar also complains about the following argument from the State:

> Ms. Prothero trusts the Defendant with her daughters. I think her trust is misplaced, but, you know what, just because he didn't molest the kids that we know of, that he doesn't have constant access to, like he did back when he was [Amy's] dad and [Karen's] uncle, doesn't absolve him of what he did to them.

At trial, Aguilar did not object to either of the jury arguments he now complains about on appeal.

"To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Aguilar was required to object to the State's comments that he deemed improper. Because Aguilar

neglected to make a single objection during the State's closing argument, he has failed to preserve this issue for review on appeal.

Aguilar concedes he failed to preserve error in many of the instances he now complains about on appeal. Aguilar argues, however, this is one of the rare cases where we may take notice of fundamental errors affecting substantial rights even though they were not brought to the attention of the trial court. *See, e.g.*, *Blue v. State*, 41 S.W.3d 129, 132–33 (Tex. Crim. App. 2000) (plurality opinion) (holding defendant's failure to object to trial judge's comments did not waive error when the trial judge, prior to trial, told the venire he preferred the defendant plead guilty and tainted the defendant's presumption of innocence). Aguilar argues the prosecutor's "serious and continuing prosecutorial misconduct" resulted in a fundamentally unfair trial. Aguilar has failed to show us how any of the unobjected to instances here rise to the level of fundamental error. Contrary to Aguilar's contention, we do not think the prosecutor's questions or closing remarks resulted in a fundamentally unfair trial.

Accordingly, Aguilar's first and second issues are overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In his third issue, Aguilar argues his sentence for continuous sexual abuse of a child under fourteen years of age violates the prohibition against cruel and unusual punishment under the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas Constitution.[3] Section 21.02 of the Texas Penal Code sets the imprisonment punishment range for a person convicted of continuous sexual abuse of a child at a "term of not more than 99 years or

---

[3] Although his third issue mentions both the United States and Texas constitutions, Aguilar's brief only argues violations of the Eighth Amendment of the United States Constitution. Nevertheless, we analyze each constitutional provision the same way. *See Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (holding there is no significant difference between the cruel and unusual punishment provisions in the United States and Texas constitutions).

less than 25 years." TEX. PENAL CODE ANN. § 21.02(h). In addition, an inmate who is serving a sentence for an offense under Section 21.02 is not eligible for release on parole. TEX. GOV'T CODE ANN. § 508.145(a). Aguilar attacks these legislatively mandated sentencing requirements claiming they categorically deny parole eligibility to an entire class of offenders. Aguilar argues the sentence is disproportionate to the crime because a person convicted of murdering a child would have an imprisonment punishment range between five and ninety-nine years and would be eligible for parole.[4] *See* TEX. PENAL CODE ANN. § 12.32; TEX. GOV'T CODE ANN. § 508.145(d)(1). We disagree with Aguilar's argument. *See Glover v. State*, 406 S.W.3d 343, 347 (Tex. App.—Amarillo 2013, pet. ref'd) ("The constitutionality of a given punishment scheme cannot . . . be determined by simply comparing the punishment schemes applicable to two or more offenses for purposes of making a 'proportionality review.'").

The State argues this issue was not preserved for review on appeal. As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion that was pursued to an adverse ruling. TEX. R. APP. P. 33.1(a); *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.) ("To preserve a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a motion stating the specific grounds for the ruling desired."). Even constitutional errors may be forfeited on appeal if an appellant failed to object at trial. *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014).

Here, during closing argument of the punishment phase of trial, Aguilar objected to the punishment scheme for continuous sexual abuse of a child. We construe Aguilar's objection as a

---

[4] Citing *Coker v. Georgia*, 433 U.S. 584, 592 (1977), Aguilar argues murder is a much worse offense than continuous sexual abuse of a child, but could result in a lesser sentence since one convicted of murder is eligible for parole. Aguilar fails to recognize that the murder of a child under ten years of age can be a capital offense thereby rendering parole unavailable. *See* TEX. PENAL CODE ANN. § 19.03(a)(8); *Id.* § 12.31(a); TEX. GOV'T CODE ANN § 508.145(a).

complaint that the punishment scheme at issue is unconstitutional. The State argues Aguilar did not pursue this objection to an adverse ruling and has, therefore, waived review. Because the question is not dispositive, we presume without deciding the trial court implicitly overruled Aguilar's objection when it signed a judgment consistent with the punishment scheme at issue. *See* TEX. R. APP. P. 33.1(a)(2) (stating the trial court may implicitly rule on an objection).

Both the United States and Texas constitutions prohibit cruel and unusual punishment. *See* U.S. CONST. amend. VIII (prohibiting "cruel and unusual punishment"); TEX. CONST. art. I, § 13 (prohibiting "cruel or unusual punishment"). We analyze federal and state constitutional complaints regarding cruel and unusual punishment in the same way. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997). The constitutional prohibition against cruel and unusual punishment prohibits "punishments that are grossly disproportionate to the severity of the crime as well as punishments that do not serve any penological purpose." *Bucklew v. Precythe*, — U.S. —, 139 S. Ct. 1112, 1144 (2019) (quotations omitted). A sentence that falls within the statutory range of punishment is generally constitutional. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). However, "a narrow proportionality principle applicable to non-capital cases has evolved concerning a punishment scheme's 'categorical' application to 'an entire class of offenders.'" *McCain v. State*, 582 S.W.3d 332, 338 (Tex. App.—Fort Worth 2018, no pet.) (quoting *Graham v. Florida*, 560 U.S. 48, 61, 67 (2010)). "When faced with [] a categorical challenge, the judiciary, in determining whether the punishment at issue is grossly disproportionate to the offense, must consider: (1) whether there is a national consensus against imposing the punishment for the offense; (2) the moral culpability of the offenders at issue in light of their crimes and characteristics; (3) the severity of the punishment; and (4) whether the punishment serves legitimate penological goals." *Meadoux v. State*, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010); *see also McCain*, 582 S.W.3d at 338–46 (applying the *Meadoux* test when defendant

argued the punishment scheme for continuous sexual abuse of a child violated the constitutional prohibitions against cruel and unusual punishment); *Glover*, 406 S.W.3d at 348–50 (same).

Several of our sister courts have directly addressed and rejected the argument Aguilar presents here. *See McCain*, 582 S.W.3d at 346 ("Having weighed all four [*Meadoux*] factors, we hold that the punishment scheme for section 21.02 does not constitute cruel and unusual punishment under the United States and Texas constitutions."); *Glover*, 406 S.W.3d at 348–50 (holding the sentencing scheme for offenders who have committed the offense of continuous sexual abuse does not violate constitutional prohibitions against cruel and unusual punishment); *DeLeon v. State*, No. 03-13-00202-CR, 2015 WL 3454101, at \*8–9 (Tex. App.—Austin May 29, 2015, pet. ref'd) (mem. op., not designated for publication) (same). We agree with their analyses.

*National Consensus*

Aguilar points to the great diversity between punishment schemes in states that have a continuous sexual abuse statute to argue there is not a national consensus on the proper punishment for this offense. However, the first *Meadoux* factor asks "whether there is a national consensus *against* imposing the punishment for the offense[,]" not whether there is a national consensus on the proper punishment for this offense. *Meadoux*, 325 S.W.3d at 194 (emphasis added). The fact that there is not a national consensus on the proper punishment for this offense supports the proposition that there is not a national consensus *against* a punishment range of twenty-five to ninety-nine years without parole. Thus, this factor weighs in favor of the constitutionality of the punishment scheme at issue. *See McCain*, 582 S.W.3d at 344 (holding there is not a national consensus against long minimum sentences and ineligibility for parole for those who commit the offense of continuous sexual abuse against a child).

*Moral Culpability*

Despite its recognition that murder is a more serious offense than other serious violent offenses, the *Glover* court held "the nature of the offense [of continuous sexual abuse of a child], the vulnerability of the [child] victims, and the repetitive nature of the offense" cause the moral culpability factor to weigh in favor of the constitutionality of a sentence with no eligibility for parole. *Glover*, 406 S.W.3d at 348–49. We agree with the *Glover* court's reasoning and hold the moral culpability factor weighs in favor of the constitutionality of a minimum twenty-five-year sentence without possibility for parole for those who commit the offense of continuous sexual abuse of a child. *See id.*; *see also McCain*, 582 S.W.3d at 345, 346 (holding moral culpability factor weighs in favor of punishment scheme for continuous sexual abuse of a child).

*Severity of the Punishment*

"A lengthy term of years without the possibility of parole is a severe penalty." *Glover*, 406 S.W.3d at 349. However, the punishment scheme for continuous sexual abuse of a child is not categorically offensive when compared to the available punishment ranges for Section 21.02 component offenses.[5] Aguilar could have received much greater sentences than the thirty-year sentence he received here had any of the component offenses in this case been tried independently. *See McCain*, 582 S.W.3d at 345–46. Therefore, the severity of punishment factor weighs in favor of the punishment scheme's constitutionality. *See id.* But see *Glover*, 406 S.W.3d at 349, 350 (holding the severity of punishment factor "arguably weigh[s] in favor of the unconstitutionality

---

[5] Each component offense that can support a section 21.02 conviction is either a first-degree or second-degree felony. *See* TEX. PENAL CODE ANN. § 21.02(c) (listing component offenses, among others, as: indecency with a child by contact; sexual assault; and aggravated sexual assault). First-degree felonies carry a punishment range of five to ninety-nine years. *Id.* § 12.32(a). Second-degree felonies carry a punishment range of two to twenty years. *Id.* § 12.33(a).

of this particular sentencing scheme" but nevertheless concluding the punishment scheme was constitutional when the other *Meadoux* factors were considered).

*Penological Goals*

"Retribution, deterrence, incapacitation, and rehabilitation are four legitimate goals of criminal sanctions." *McCain*, 582 S.W.3d at 346. For example, recidivist statutes—such as Section 12.42 of the Texas Penal Code—"were enacted to protect citizens against habitual offenders." *Glover*, 406 S.W.3d at 349. "Similarly, the [l]egislature's decision to deny parole to persons convicted of continuous sexual abuse of a child protects child victims against continuous sexual attacks." *Id.* "[T]he penological interests of both deterrence and incapacitation are served by the sentencing scheme in question." *Id.* at 350; *see also McCain*, 582 S.W.3d at 346 (holding the punishment scheme for those who commit the offense of continuous sexual abuse of a child serves the penological interests of deterrence and incapacitation).

Having weighed all four *Meadoux* factors, we agree with our sister courts and hold the punishment scheme for continuous sexual abuse of a child does not constitute cruel and unusual punishment under the United States and Texas constitutions. *See McCain*, 582 S.W.3d at 346; *Glover*, 406 S.W.3d at 350; *DeLeon*, 2015 WL 3454101, at *9.

Accordingly, Aguilar's third issue is overruled.

## MOTION FOR CONTINUANCE

In his fourth and fifth issues, Aguilar argues the trial court abused its discretion when it denied his motion for continuance on the first day of trial. As a result, Aguilar argues he was denied the opportunity to present a complete defense. The State argues Aguilar has not preserved error because his continuance was not written or sworn.

"We review a trial court's ruling on a motion for continuance for abuse of discretion." *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). "To establish an abuse of discretion,

there must be a showing that the defendant was actually prejudiced by the denial of his motion." *Id.*

In 1997, Amy's biological father was convicted of sexual assault. Prior to voir dire, the prosecutor obtained the State's case file regarding the biological father's sexual assault case. The State immediately presented the case file to Aguilar's counsel. Aguilar orally requested a continuance to interview the complainant in the 1997 case "to determine whether . . . she's capable of providing relevant testimony in this case." The trial court denied the motion for continuance "for now[,]" implying Aguilar could re-urge his motion after voir dire. The State asked one of its investigators to obtain contact information for the complainant in the 1997 case and presented the complainant's contact information to Aguilar's counsel after voir dire had concluded. The trial court asked Aguilar's counsel to contact the complainant and to report back to the court the next morning. Aguilar did not re-urge his motion for continuance.

Before we address the merits of Aguilar's complaint, we must first determine whether he preserved the complaint for our review. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012). Article 29.03 of the Texas Code of Criminal Procedure provides: "A criminal action may be continued on the written motion of the . . . defendant, upon sufficient cause shown[.]" TEX. CODE CRIM. PROC. ANN. art. 29.03. Article 29.08 further provides: "All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08. The Texas Court of Criminal Appeals has "construed these statutes to require a sworn written motion to preserve appellate review from a trial judge's denial of a motion for a continuance." *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009), *declined to follow on other grounds*, *Grado v. State*, 445 S.W.3d 736, 741 n.29 (Tex. Crim. App. 2014); *see also Cruz v. State*, 565 S.W.3d 379, 381 (Tex. App.—San Antonio 2018, no pet.) (recognizing a denied motion for continuance must be written and sworn to preserve appellate

review). "Thus, if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Anderson*, 301 S.W.3d at 279.

Here, Aguilar's motion was neither written nor sworn. Accordingly, Aguilar has forfeited his right to complain about the trial court's ruling on appeal. *See id.* Aguilar acknowledges his motion for continuance was neither written nor sworn, but asks this court to institute a due process exception relieving him of these procedural requirements because he was deprived of the opportunity to present a complete defense. However, the Court of Criminal Appeals has "explicitly refused to recognize a due process exception to the rule requiring motions for continuances to be written and sworn in order to be preserved on appeal." *Blackshear*, 385 S.W.3d at 591. Additionally, "precedent clearly establishes that the right to present a complete defense falls within [the category of rights that are] subject to forfeiture." *Anderson*, 301 S.W.3d at 280. Therefore, by making an unsworn, oral motion for continuance, Aguilar failed to preserve his claim for appellate review.

Accordingly, Aguilar's fourth and fifth issues are overruled.

### EXCLUSION OF EVIDENCE REGARDING ALTERNATIVE PERPETRATOR

In his sixth and seventh issues, Aguilar argues the trial court erred when it granted the State's motion in limine regarding Amy's biological father's status as a registered sex offender. The State anticipated Aguilar would elicit testimony on this fact to promote a defensive theory that Amy's biological father was the perpetrator of the sexual abuse, not Aguilar. Before opening statements, the State made an oral motion in limine asking Aguilar—prior to eliciting this testimony from any witness—be required to establish the relevance of the biological father's status as a sex offender, and the associated criminal conduct, outside the presence of the jury. The trial court granted the motion and required the parties to have a hearing outside the presence of the jury

before the defense elicited testimony regarding the biological father's status as a registered sex offender.

"Trial court decisions to admit or exclude evidence will not be reversed absent an abuse of discretion." *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). "Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the zone of reasonable disagreement." *Id.* (quotations omitted).

The Texas Court of Criminal Appeals has "held that a ruling on a State's motion in limine that excludes defense evidence is subject to reconsideration throughout trial and that to preserve error[,] an offer of the evidence must be made at trial." *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). Thus, by itself, "[a] ruling granting a motion in limine does not preserve error on appeal." *Garcia v. State*, 106 S.W.3d 854, 857 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994)). "To preserve error regarding the exclusion of evidence, the defendant must offer the evidence at trial and obtain an adverse ruling from the trial court." *Leyba v. State*, 416 S.W.3d 563, 574 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App. 2007)). "The failure to perform any of these requirements results in forfeiture of an appellate complaint." *Leyba*, 416 S.W.3d at 574.

Here, the trial court's ruling on the State's motion in limine did not preserve error for the exclusion of evidence regarding the biological father's status as a registered sex offender. Aguilar did not request a specific ruling—or obtain an adverse ruling—on the admissibility of the evidence and did not offer the evidence at trial. Because Aguilar failed to obtain an adverse ruling on the exclusion of the evidence or make an offer of proof, he has forfeited his complaint on appeal. *See id.* (holding motion in limine excluding evidence did not preserve the issue for appellate review

when the defendant failed to offer the evidence at trial, obtain an adverse ruling, and make an offer of proof).

Accordingly, Aguilar's sixth and seventh issues are overruled.

## CUMULATIVE ERRORS

In his eighth issue, Aguilar contends the cumulative errors committed during trial require reversal. Because we have concluded in each of the previous seven issues raised on appeal that no error occurred or that no error was presented for our review, there is no harm to accumulate. *See Murphy v. State*, 112 S.W.3d 592, 607 (Tex. Crim. App. 2003) ("Because we have found little or no error in the above-alleged points, there is no harm or not enough harm to accumulate.").

Accordingly, Aguilar's eighth issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Irene Rios, Justice

Do not publish